CROUCH *v.* THE STATE OF OHIO.

(Decided November 10, 1930.)

*Mr. Earl Miller, Mr. Joseph D. Stecher* and *Messrs. Brady, Yager, O'Connor, Bebout & O'Connor,* for plaintiff in error.

*Mr. Le Roy W. Hunt,* prosecuting attorney, and *Mr. Cecil Stickney,* for defendant in error.

RICHARDS, J.  Milton Crouch was jointly indicted with Darrell Brown and Roy Kennedy under Section 12619, General Code, the indictment containing two counts.  The first count charged that the defendants on May 23, 1930, in Lucas county, unlawfully and purposely took, drove and operated on the public highways an automobile of the value of $500, the personal property of Gordon Brown, and the second count charged that the defendants, on the date named, did unlawfully steal, take, and drive away, in Lucas county, an automobile of the value of $500, the personal property of Gordon Brown.  The defendants Darrell Brown and Roy Kennedy pleaded guilty, and the case proceeded to trial against Milton Crouch, the jury returning a general verdict in which it found the defendant guilty as charged in the indictment.

Objection is made that the verdict is fatally defective in that it fails to find the value of the property involved, but in a prosecution under the section of the Code cited the value of the motor vehicle is not important, and is not required to be found by the jury.

Many alleged errors are relied on for a reversal of the judgment, all of which have had the careful consideration of the court.  The bill of exceptions discloses that Darrell Brown and Roy Kennedy for a considerable period of time before the crime

charged in the indictment had been engaged in stealing automobiles in the city of Toledo, driving them to Norwalk, and there selling them to the defendant Crouch. They both took the stand and testified in detail to numerous instances in which they were guilty of stealing motor vehicles and disposing of them to Crouch, a good many of these crimes having been committed before the larceny of the automobile involved in the case at bar. The evidence shows that almost invariably they reached Norwalk around 3 or 4 o'clock in the morning, and would then call Crouch, who would dress and come out and look over the automobile which they had driven to Norwalk. He was operating a junk yard and auto-wrecking yard, and bought the automobiles for what seems to have been a nominal price. Some of them were nearly new and the price ranged from $10 to $25 for each automobile. In most if not all of the instances, no bill of sale was required or even requested by Crouch, according to some of the testimony. Some of the automobiles were dismantled, the license numbers removed, and identifying numbers cut from the machines.

It is urged that if Crouch is guilty of anything, he is guilty of receiving and concealing stolen property, which would necessarily, under the evidence, be at Norwalk in Huron county. Section 12380, General Code, provides for the punishment of one who aids, abets, or procures another to commit an offense, and in the case under consideration the guilt or innocence of Crouch for larceny of the car depends upon whether his language and conduct bring him within the provisions of the cited statute. There is evidence contained in the record tending to show that

he knew Brown and Kennedy were stealing the machines which they brought to him, but that alone would not make him guilty of aiding and abetting the larceny. On an occasion when one of the cars was delivered, prior to the larceny of the one involved in the instant case, Darrell Brown testified that Crouch paid $25 for the car. The witness was then asked this question:

"Q. At that time was there any more talk about cars that you might steal? A. I believe there was.

"Q. What was said? A. That he would buy any cars that we brought down there."

There is much other testimony of a similar character in the record, and on some occasions Crouch told the thieves, according to the testimony, what particular kind of cars he wanted them to bring to him. This class of testimony tends to show that Crouch was an accomplice with the other defendants and was aiding, inciting, and abetting them in stealing the cars, and if the jury so found Crouch would be guilty in Lucas county, although his aiding, abetting, and inciting were in Huron county. County lines do not limit the power of a man to become an accomplice in a crime committed in another county.

In view of all the evidence contained in the record, we find that the conviction is not manifestly against the weight of the evidence.

On the subject of accomplices, the trial judge charged the jury as follows:

"During the trial of this case, the state called, among other witnesses on its behalf, Darrell Brown and Roy Kennedy. The witnesses Darrell Brown and Roy Kennedy are what is known in law as accomplices, and while it is a rule of law that a person

accused of a crime may be convicted upon the un-corroborated testimony of an accomplice, still a jury should always act upon such testimony with great care and caution, and subject it to careful examination in the light of all the evidence in the case.''

It is earnestly insisted that this portion of the charge contains serious prejudicial error, in that the court informed the jury that the two other defendants named were accomplices. The defendant himself took the stand, and in his testimony he denies, in effect, that he was an accomplice in the stealing of the car involved in this action and of any other cars. When the trial judge said to the jury that the two witnesses named were accomplices, it must have been understood by the jury that he meant they were accomplices of the defendant, for the defendant's guilt or innocence was under investigation, and the case depended almost wholly on the ability of the state to show that he and the other defendants were accomplices. Literally, of course, the other defendants were accomplices as between themselves, but that was not the vital issue in the case, as the guilt or innocence of defendant Crouch did not depend upon that fact. The court did not leave to the jury to determine, as he should have done, the question whether the other two defendants and Crouch were accomplices, but assumed that they were such and so advised the jury. Of course, if they were accomplices of Crouch in stealing the car, then he was guilty with them of the larceny. This instruction was directly contrary to the proper practice as stated in *Curtis* v. *State,* 113 Ohio St., 187, 148 N. E., 834, in paragraph 3 of the syllabus, where it is held that it was not error for the court to refuse

to instruct the jury that persons alleged to be accomplices were in fact accomplices, but that the duty of the court was to define an accomplice and leave it to the jury to determine whether the witness was such. This charge on the subject of accomplices is so vital and prejudicial that we are constrained to reverse the judgment.

*Judgment reversed and cause remanded.*

WILLIAMS and LLOYD, JJ., concur.